[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Bringing forth two assignments of error, defendants-appellants, George Rees and O'Rourke Construction Company ("O'Rourke") appeal from the judgment of the Hamilton County Court of Common Pleas entered in favor of plaintiff-appellee Cincinnati Blacktop Company ("CBC") on a claim of negligent misrepresentation. For the following reasons, we affirm the judgment of the trial court.
On May 17, 2000, CBC filed a complaint against O'Rourke and Rees, then a vice-president of the construction company, claiming breach of contract, fraud by misrepresentation and fraud by concealment. CBC alleged that Rees and O'Rourke had induced CBC to accept, as partial payment for blacktop services, a parcel of real estate, by representing to Paul Seta, the president of CBC, that the lot was "buildable," consisted of "virgin soil" and contained no uncontrolled fill. After substantial discovery was completed, Rees and O'Rourke moved for summary judgment on each claim. The court denied their motion and a four-day jury trial ensued. During the second day of trial, CBC moved to have the complaint amended to plead a claim of negligent misrepresentation. O'Rourke and Rees requested a clarification on what the alleged negligence was, but did not seek a continuance in order to obtain additional evidence to help them defend against this claim. The trial court granted CBC's motion. The jury found in favor of CBC on the breach of contract claim, awarding them $1,300, and on the negligent misrepresentation claim, awarding them $50,000; and found in favor of Rees and O'Rourke on the two fraud claims. Rees and O'Rourke timely appeal from this judgment, indicating in their notice of appeal and appellate briefs that they are only appealing the portion of the judgment awarding $50,000 to CBC for negligent misrepresentation.[1]
In their first assignment of error, Rees and O'Rourke maintain that the trial court erred in overruling their motion for summary judgment. Rees and O'Rourke moved for summary judgment on the claims of breach of contract, fraud by misrepresentation and fraud by concealment. Rees and O'Rourke, however, do not appeal the portion of the final judgment dealing with these claims; they are only appealing the portion of the judgment awarding damages against them for negligent misrepresentation. Therefore, as Rees and O'Rourke never moved for summary judgment on the negligent misrepresentation claim, we find no basis in the record for this assignment of error. Accordingly, the first assignment of error is overruled.
In their second assignment of error, Rees and O'Rourke contend that the trial court erred in granting CBC's Civ.R 15(B) motion to amend the pleadings to conform to the evidence introduced in trial to support a claim for negligent misrepresentation. The decision to grant or deny a Civ.R. 15(B) motion to amend the pleadings to conform to the evidence is within the sound discretion of the trial court.[2] Therefore, absent an abuse of that discretion, we will not disturb the trial court's decision. Abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable.[3]
Rees and O'Rourke maintain that they were prejudiced by the trial court's decision because they were not granted a continuance in order to procure additional evidence in an effort to defend against the claim of negligent misrepresentation and that they did not have the opportunity to extensively cross-examine most of CBC's witnesses regarding the new claim, as the motion to amend the pleadings was made after six of CBC's seven witnesses had testified. We are unpersuaded.
Civ.R.15 (B) does allow for the trial court to grant a continuance to an objecting party in order for that party to address evidence presented on the "new" claim. Since Rees and O'Rourke did not request a continuance, however, they cannot "now complain that they were not given an opportunity to develop its case [or defense]."[4] Nevertheless, after a careful review of the record, we find that the defendants were not harmed by their inability to develop additional evidence or to "extensively cross-examine" most of CBC's witnesses on the issue of negligent misrepresentation.
The elements of fraud by misrepresentation, one of the original claims pleaded by CBC, are the same as the elements of negligent misrepresentation, except for the state of mind required.[5] For the fraud claim, CBC had to prove that the material misrepresentation, that the lot was buildable and contained no uncontrolled fill, was made with the knowledge that it was false whereas in the negligent misrepresentation claim CBC only had to prove that Rees and O'Rourke failed to exercise reasonable care in either communicating or obtaining the false information. At trial, Rees and O'Rourke maintained that they never told CBC that the lot was buildable and consisted of "virgin soil." Further, they contend that even if they had made that misrepresentation, it was made after both parties signed the contract, negating the proposition that CBC justifiably relied on the misrepresentation in entering the contract, an element of both the fraud and negligence claims. Because the defense mounted by Rees and O'Rourke for the fraud claims, which they had notice of from the date CBC filed their complaint, was also applicable to negate the elements of the negligent misrepresentation claim, they did not need an opportunity to develop additional evidence to defend against the negligence claim.
The record also demonstrates that Rees and O'Rourke thoroughly cross-examined CBC's witnesses on the issue of whether Rees and O'Rourke actually made the misrepresentation and if so, if it was made after the contract was signed.
Based on the foregoing, we conclude that no prejudice inured to Rees and O'Rourke by the granting of the motion to amend the pleadings to conform to the evidence. As we have found that the trial court did not abuse its discretion, we overrule the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] Rees and O'Rourke satisfied the breach of contract judgment. As such, they would be precluded from assigning any error regarding this claim. See Bodeker v. Saunders (Jan. 24, 2001), Ham. App. No. C-990908, unreported.
[2] Northfield Park Assocs. V. Northeast Ohio Harness (1987),36 Ohio App.3d 14, 24, 521 N.E.2d 466, 477.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[4] See Northfield Parks Assoc., supra
[5] See Dickerson Internationale, Inc. v. Klockner (2000),139 Ohio App.3d 371, 743 N.E.2d 984.